UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DARREN KEBODEAUX (#104879)

VERSUS                                         CIVIL ACTION

JAMES LEBLANC, ET AL                           NUMBER 10-627-BAJ-SCR

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, October 7, 2010.

                                     STEPHEN C. RIEDLINGER
                                     UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DARREN KEBODEAUX (#104879)

VERSUS                                                CIVIL ACTION

JAMES LEBLANC, ET AL                                  NUMBER 10-627-BAJ-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate currently confined at Dixon Correctional Institute (DCI), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, DCI Warden Steve Rader, DCI warden's designee Cherryl Taylor, Hunt Correctional Center (HCC) Warden Howard Prince and two unidentified members of the disciplinary board at HCC. Plaintiff alleged that he was deprived of his property in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992);

*Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes.  *Id.*; *Ancar v. SARA Plasma, Inc.*, 964  F.2d 465, 468 (5th Cir. 1992).  Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that on April 26, 2008, while confined in the St. Martin Parish Jail, he escaped.  Plaintiff alleged that after he escaped he stole a vehicle, was involved in a high speed chase with law enforcement officers, crashed the vehicle and was apprehended.

Plaintiff alleged that he was issued disciplinary reports for theft and escape.  Plaintiff alleged that he entered a guilty plea to the disciplinary charges and was sentenced to a forfeiture of 180 days good time and restitution in the amount of $9,610.13, for the costs associated with the damages to the stolen vehicle.

Plaintiff alleged that the disciplinary board members improperly imposed restitution for the damage caused to the privately owned vehicle.  Plaintiff alleged that $41.09 was

subsequently improperly removed from his inmate account pursuant to the restitution order issued by the disciplinary board.  Plaintiff argued that LSA-R.S. 15:875, the statute authorizing restitution, permits the imposition of restitution for damages caused to state-owned property only and the statute does not authorize the imposition of restitution for damage caused to privately owned property.

   The restitution statute provides in relevant part as follows:

   A. (1) Restitution may be obtained by the Department of Public Safety and Corrections from an offender who damages or destroys property, steals property that is not recovered or is damaged, causes or attempts to cause injury to himself, civilians, other offenders, or department personnel, or who has a pattern of falsely alleging injury or illness with the result that medical expenses are incurred.

   (2) The amount of restitution shall be the actual costs, or any portion thereof, of repairing or replacing the property or of the medical expenses incurred for treatment of the offender or the injured party and the amount of wages the injured party lost as a result of the injury caused by the offender.

LSA-R.S. 15:875.

   The statute is facially constitutional.  *Longmire v. Guste*, 921 F.2d 620 (5th Cir. 1991).

   Assuming that the imposition of restitution was not authorized by the statute, as the plaintiff argued, the plaintiff's only possible federal claim is that he was deprived of his property without procedural due process.  As such, his claim does not rise to the level of a constitutional violation.  This is because random

3

and unauthorized deprivations of property by state officials do not violate the federal constitution if an adequate post-deprivation state remedy exists.  *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194 (1984). Louisiana has ample remedies under which the plaintiff may proceed against the defendants for recovery of his property or for the reimbursement of its loss.  *Marshall v. Norwood*, 741 F.2d 761 (5th Cir. 1984).

Alternatively, assuming that the restitution statute authorized the imposition of restitution for the damages caused to privately owned property, then the imposition of restitution, which led to the confiscation of funds from the plaintiff's inmate banking account and the account hold, was not a random and unauthorized act by a state employee.  In order to satisfy the plaintiff's procedural due process rights in these circumstances, the defendants were required to provide the plaintiff with a hearing before the deprivation.

*Parratt* is based on the distinction between "random and unauthorized conduct" and "conduct pursuant to established state procedure."  *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 3203.  If the state is able to provide the affected individual with a hearing before the deprivation occurs, procedural due process usually requires that the state do so.  The availability of a post-deprivation tort remedy does not satisfy the requirements of

4

procedural due process in such cases.  *Augustine v. Doe*, 740 F.2d 322, 327 (5th Cir. 1984).

Plaintiff conceded that the disciplinary board conducted a hearing prior to the deprivation of his property.  Plaintiff appealed the decision but his appeal was rejected.  Plaintiff then sought and obtained judicial review of the disciplinary board decision in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.  On July 15, 2010, the Nineteenth Judicial District Court reversed the disciplinary board decision and remanded the matter to the Department of Corrections with instructions to consider the merits of the plaintiff's claim regarding the debt hold on his inmate account.  Judgment was entered in the plaintiff's favor.[1]  Plaintiff received all the procedural due process to which he was entitled.

Plaintiff also alleged that the defendants have not complied with the state court's judgment.

Insofar as the plaintiff seeks relief from this court which would require the defendants to comply with the state court judgment, United States District Courts lacks jurisdiction to review actions in the nature of mandamus to compel state officers or employees to perform duties owed the plaintiff.  28 U.S.C. § 1361.

---

[1] Plaintiff attached as exhibits to his complaint copies of the Commissioner's Report and the Judgment of the state district court.  Record document number 1-2.

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and without prejudice to any state law claim.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and without prejudice to any state law claim.

Baton Rouge, Louisiana, October 7, 2010.

*/s/ Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE